IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOSES COPPIN,<br>ID # 38660-177,<br>　　　　　Movant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　　Respondent. | No. 3:15-CV-3869-K<br>No. 3:10-CR-345-K(1) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Moses Coppin's (Movant) motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. For the following reasons, the Court denies the motion with prejudice as barred by the statute of limitations.

### I. BACKGROUND

Coppin was charged by second superseding indictment with conspiracy to obstruct justice through evidence concealment in violation of 18 U.S.C. § 1512(b)(2)(B), (k) (Count One); aiding and abetting obstruction of justice through evidence concealment in violation of 18 U.S.C. §§ 1512(b)(2)(B), (c)(1), and 2 (Count Two); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count Four). (Doc. 50.) Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:10-CR-345-K(1). He pled not guilty, and a jury convicted him of all counts. (Doc. 88.) He was sentenced to 240 months' imprisonment for Counts One and Two to be served concurrently, and 120 month's imprisonment for Count Four to be served consecutively

to the sentences for Counts One and Two, for a total aggregate term of 360 months' imprisonment. (Doc. 109.) On appeal, the conviction for Count One was vacated, and the case was remanded for resentencing. (Doc. 153); *United States v. Coppin*, No. 12-10586 (5th Cir. June 2, 2014). Coppin was then sentenced to 240 months' imprisonment for Count Two and 120 months' imprisonment for Count Four to be served consecutively to the sentence for Count Two, for a total aggregate term of 360 months' imprisonment. (Doc. 159.)

Coppin raises the following grounds in his motion to vacate and amended motions to vacate:

> (1) The Court lacked subject matter jurisdiction and was not constitutionally authorized to preside over his criminal proceedings, so the criminal case should have been dismissed.
>
> (3) The Court improperly charged the jury regarding Count Two;
>
> (4) The indictment did not include the corrupt concealment language of the statute, so his conviction was unconstitutional, and the Court constructively amended the indictment.
>
> (5) The government violated due process by allowing its witness to testify falsely.
>
> (6) He received ineffective assistance of trial and appellate counsel because they did not raise any of the above-stated arguments;
>
> (7) The docket sheet shows that the sentences are consecutive, but the judgment does not state that the sentences are consecutive;
>
> (8) The restitution order is invalid, because it is based on a residual clause in the restitution statute that is unconstitutionally vague in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015);

(9) His sentence was based on sentencing guidelines that included an unconstitutionally vague residual clause.

(3:15-CV-3869-K (docs. 2, 10, 11, 12.)

## II.  STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

With regard to § 2255(f)(1), the amended judgment was entered on August 13, 2014.  He did not appeal from the amended judgment, so it became final on final on

3

September 12, 2014, when the time to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing for 14-day period to appeal from judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of time to file an appeal). Coppin does not allege that government action prevented him from filing a § 2255 petition earlier under § 2255(f)(2). The facts supporting his claim arose when he was sentenced, so § 2255(f)(4) does not apply.

A.  **Newly Recognized Right**

Coppin cites *Johnson* as a basis for his motion. In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Coppin contends that the residual clauses of a restitution statute, sentencing

4

guideline, and § 924(c) are unconstitutional in light of *Johnson*.

*Johnson* does not apply to the sentencing guidelines, and the guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017). *Johnson* did not announce a newly recognized right regarding the constitutionality of the sentencing guidelines, so § 2255(f)(3) does not apply. *See Clayton v. United States*, No. 3:16-CV-1837-L, 2017 WL 3880723 at *1-2 (N.D. Tex. Aug. 1, 2017), *rec. adopted*, 2017 WL 3726814 (N.D. Tex. Aug. 30, 2017).

*Johnson* did not address the residual clause in the restitution statute, so it did not announce a newly recognized right regarding the constitutionality of the restitution statute. Moreover, his claim is not cognizable. *See Campbell v. United States*, 330 F. App'x 482, 482-83 (5th Cir. 2009) ("A district court lacks jurisdiction to modify [a] restitution order under 2255, a writ of *coram nobis*, or 'any other federal law.'").

Coppin was not sentenced under § 924(e) of the ACCA; he was convicted and sentenced for carrying a firearm during an offense under § 924(c). A "crime of violence" in § 924(c)(3)(B) is defined in part as an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). In contrast, the residual clause of § 924(e)(2)(B)(ii) defines "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." In *Johnson*, the Supreme Court did not address the residual clause of § 924(c)(3)(B), and

5

it did not recognize a new right regarding that residual clause. *See In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016) (Supreme Court did not address or decide in *Johnson* whether the differently worded residual clause of § 924(c)(3)(B) was unconstitutionally vague); *see also United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) ("the definition of 'crime of violence' under § 924(c)(3)(B) is not unconstitutionally vague"). Because *Johnson* did not recognize as a new right that the residual clause of § 924(c) is unconstitutionally vague, § 2255(f)(3) does not apply.

**B.    Filing Date**

Coppin's § 2255 motion was received by the Court and filed on December 4, 2015. (3:15-CV-3869-K, doc. 2.) It was signed on October 26, 2015, and the mailing was postmarked November 28, 2015. (*Id*. at 10, 33.)

Rule 3(d) of the Rules Governing Section 2255 Cases, the "mailbox rule," provides:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

*See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

Although Coppin's § 2255 motion is dated October 26, 2015, it does not state

when he deposited it in the prison's internal mailing system. He did not include a declaration under 28 U.S.C. § 1746 or notarized statement regarding the date that he deposited the motion in the prison's internal mailing system.

Because Coppin did not comply with Rule 3(d), and nothing in the record shows that he deposited the § 2255 motion in the prison mail system as legal mail to be sent directly to this Court on or before the due date of September 12, 2015, he has not shown that his § 2255 motion was timely filed. *See United States v. Garza*, No. 2:15-CV-502, 2016 WL 2346945 at *2 (S.D. Tex. May 4, 2016) (movant did not provide evidence that his motion, although timely signed, was deposited in the prison mail before the limitations period expired). Even if October 26, 2015, the date that the § 2255 motion was signed is used as the filing date, the § 2255 motion is untimely in the absence of equitable tolling.

**C.** <u>**Equitable Tolling**</u>

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from

7

asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Coppin bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Coppin points out that the prison was on lockdown from July 27, 2015, to August 31, 2015, from September 5, 2015, to September 12, 2015, and for undisclosed periods beginning September 24, 2015, and October 22, 2015. (3:15-CV-3869-K, doc. 2 at 28-32.) An institutional lockdown or a delay in access to a law library is not itself a rare and exceptional circumstance that warrants equitable tolling. *See Lewis v. Casey*, 518 U.S. 343, 362 (1996) (Lockdown prisoners "routinely experience delays in receiving legal materials or legal assistance." If such delays "are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of

constitutional significance"); *United States v. Ramirez*, 2010 WL 837446 at *3 (S.D. Tex. Mar. 4, 2010) (movant not entitled to equitable tolling where prison was under lockdown for the last two weeks of the limitations period); *United States v. Saenz-Lopez*, 2009 WL 453932 at *3 (N.D. Tex. Feb. 23, 2009) (holding that a lockdown that temporarily deprived inmates of use of the law library did not prevent the movant from timely filing a § 2255 motion).

Coppin has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling. His § 2255 motion is untimely.

### III. CONCLUSION

For the foregoing reasons, the § 2255 motion is DENIED with prejudice as barred by the statute of limitations.

SO ORDERED.

Signed February 28th, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE